# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER STEIN, et al.** | : | |
| PLAINTIFFS, | : | Civil Case No.: 2:18cv989 |
| v. | : | Judge: <u>Chief Judge Edmund A Sargus</u> |
| **VENTECH SOLUTIONS, INC, et al.** | : | Magistrate: <u>Judge Chelsey M. Vascura</u> |
| DEFENDANTS. | : | |

## FIRST AMENDED COMPLAINT

NOW COME Plaintiffs, by and through counsel, and for Plaintiffs' causes of action, state as follows:

### I.  *NATURE OF CASE*

1. This is an action for damages and redress for deprivation of rights secured by the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq*; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 2001, *et seq.;* and Ohio common law claims of fraud and breach of contract.

### II.  *PARTIES, JURISDICTION, AND VENUE*

2. Christopher Stein is an individual who resides in the City of Baltimore, County of Fairfield, State of Ohio.

3. Kristin Stein is the wife of Christopher Stein, resides with Mr. Stein, and was a beneficiary under the insurance plan in which Christopher Stein was enrolled while working at Ventech Solutions, Inc.

4. Ventech Solutions, Inc. ("Ventech") is a foreign corporation, with an excess of 20 employees, doing business in the state of Ohio and was Christopher Stein's employer in the state of Ohio.

5. Ravi Kunduru is an individual and the founder and president of Ventech.

6. At all times relevant herein, Mr. Stein was employed at the Ventech office located at 8425 Pulsar Place, Suite 300, Columbus, Ohio 43240.

7. Pursuant to its Plan Document and Summary Plan Description in place at all times relevant herein, Ventech was the plan administrator of the health insurance plan Ventech provided to its employees.

8. The unlawful practices alleged herein were committed by Defendants in the State of Ohio.

9. The Steins' claims arise under federal statute, specifically 29 U.S.C. §1132(a)(1)(A), and 29 U.S.C. 1001, et. seq.

10. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(e), and 28 U.S.C. 1367, and over Plaintiffs' Ohio common law claims of fraud and breach of contract.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### III. *GENERAL ALLEGATIONS*

12. Mr. Stein began working full-time for Ventech on March 10, 2008 until his position as Senior Vice President of IT Services was terminated on November 27, 2017.

13. As part of his compensation from Ventech, Mr. Stein enrolled in Ventech's health and welfare plan, receiving medical, dental and vision benefits.

14. A true and accurate copy of Ventech's <u>Plan Document and Summary Plan Description for the Ventech Solutions Employer Sponsored Health & Welfare Plan</u> is attached at Exhibit 1.

15. During Mr. Stein's employment with Ventech and through his termination on November 27, 2017, Mrs. Stein and the Stein's two children were enrolled as beneficiaries in Ventech's health insurance plan.

16. On or about November 27, 2017, Mr. Kunduru explained that due to corporate reorganization, Mr. Stein's position at Ventech was being eliminated, effective immediately.

17. In addition to his regular salary, Mr. Stein received periodic bonuses, some of which Ventech owed Mr. Stein at the time of termination.

18. On or about November 27, 2017, Mr. Stein and Mr. Kunduru discussed entering into a Separation Agreement and Release setting forth the terms of Mr. Stein's termination.

19. On December 4, 2017, following negotiations between the parties, Ventech sent to Mr. Stein a Separation Agreement and Release ("agreement") containing all the terms relating to Mr. Stein's termination of employment. Consenting to the terms in the agreement, Mr. Stein signed and returned the document to Ventech on December 5, 2017. See Exhibit 2, attached.

20. On December 8, 2017, Ventech returned an agreement to Mr. Stein. Each page of the agreement was initialed by Mr. Kunduru, who also signed at the end of the agreement. See Exhibit 3, attached.

21. The December 8, 2017 agreement (Exhibit 3) containing Mr. Kunduru's initials and signature, omitted the phrase "Pursuant to Employer policy, the Employee shall receive

fourteen days of separation pay continuation in lieu of notice," contained in paragraph 1 of Exhibit 2.

22. Mr. Kunduru never notified Mr. Stein that the agreement was altered after Mr. Stein signed the agreement, nor did Mr. Stein agree to any alteration to Exhibit 2.

23. Despite receiving, agreeing to, and signing a Separation Agreement and Release promising payment for fourteen (14) days of severance pay, Mr. Stein never received such payment.

24. At the time of his termination on November 27, 2017, Mr. Stein was provided a letter from Ventech, signed by Kunduru, which stated that Mr. Stein's eligibility for Ventech's health insurance benefits would cease on November 30, 2017, and that a COBRA notice would be forthcoming.

25. Pursuant to the November 27, 2017 letter from Ventech, Mr. and Mrs. Stein believed their insurance coverage was terminated on November 30, 2017.

26. Under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), an employer/ administrator must provide an employee, and any beneficiaries, with notification of his or her right to receive continued health insurance benefits within 44 (forty-four) days after the occurrence of a qualifying event ("COBRA notification").

27. Pursuant to the COBRA statute, Plaintiffs were entitled to notice of their COBRA benefits on or before January 10, 2018 as a result of the November 27th, 2017 termination of Mr. Stein's position at Ventech.

28. Despite multiple requests to Ventech, Plaintiffs' did not receive a COBRA notice from Ventech until June 4, 2018, after Ventech had been contacted by Plaintiffs' counsel.

29. Based upon Ventech's representation that Plantiffs' health insurance was cancelled on November 30, 2017, Plaintiffs avoided all but necessary medical treatment for themselves and their two children.

30. Despite its obligation to do so, Defendants failed to provide Plaintiffs the statutorily-mandated COBRA notification.

31. As a result of Defendants failure to provide the statutorily-mandated COBRA notification, Plaintiffs have been damaged.

## IV. *FIRST CAUSE OF ACTION*

(Violation of Comprehensive Omnibus Budget Reconciliation Act, 29 U.S.C.S. §1161)

32. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten.

33. Christopher Stein was a covered employee under COBRA.

34. Kristin Stein was a qualified beneficiary under COBRA.

35. Defendant Ventech is subject to the notice requirements of COBRA under 29 U.S.C. § 1161 because it employs more than twenty employees.

36. COBRA, at U.S.C. § 1161 et seq, provides that an employer must give former employees the right to elect to temporarily continue health benefit coverage.

37. Pursuant to 29 U.S.C. § 1132, any administrator who fails to send timely COBRA notification is liable to each beneficiary for up to $110 per day from the date of such failure.

38. Mr. Stein's termination and qualifying event occurred on November 27, 2017, giving rise to Defendants' duty to send COBRA notification within forty-four days.

39. Despite repeated requests by the Plaintiffs, Defendants did not send timely notice of Plaintiffs' COBRA rights, but rather sent notice 149 days late, after being contacted by Plaintiffs' counsel.

40. As a result of Defendants' violation of the COBRA statute, Christopher and Kristin Stein are each entitled to recover statutory penalties, in an amount up to $110 per day, from November 27, 2017 through June 4, 2018.

41. Christopher and Kristin Stein are entitled to recover medical expenses they incurred due to Defendants' COBRA violation, and other appropriate equitable relief to be determined at trial.

42. Christopher and Kristin Stein are entitled to recover all attorneys' fees and costs they expend in bringing this action.

## V.  SECOND CAUSE OF ACTION

(State Law Claim – FRAUD)

43. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten.

44. Defendants have intentionally and fraudulently altered the Separation Agreement and Release for Defendants' own financial benefit, and then concealed the alteration in an attempt to induce Mr. Stein into compliance with the terms of the agreement.

45. Mr. Kunduru initialed each page of the altered Separation Agreement and Release imputing direct knowledge of the alteration.

46. Defendants have refused to pay the fourteen days of severance to Mr. Stein, totaling approximately $6008.75, despite Mr. Stein's continuing reliance on and compliance with the terms of the agreement.

47. Defendants' alteration, and concealment of the alteration, constitutes fraud. Plaintiffs are entitled to judgment and damages, including attorney fees, legal costs and expenses, and punitive damages, pursuant to Ohio law.

## VI. *THIRD CAUSE OF ACTION*

### (State Law Claim – BREACH OF CONTRACT)

48. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten.

49. Defendants executed a contract with Mr. Stein whereby Defendants agreed to compensate Mr. Stein for fourteen (14) days of severance pay in return for Mr. Stein's agreement not to compete.

50. Defendants breached the contract by failing to pay Mr. Stein for the fourteen (14) days of severance pay.

51. The balance due and owing on the contract by Defendants is $6008.75.

## VII.    *PRAYER FOR RELIEF*

WHEREFORE, Christopher and Kristin Stein pray for judgment against Ventech as follows:

A.  For a finding that the acts of Ventech and Mr. Kunduru complained of herein were unlawful employment practices that violated the Plaintiffs' rights secured by COBRA and ERISA, and further constitute acts of fraud and breach of contract.

B.  For an order and judgment against Defendants for Plaintiffs' medical expenses incurred because of Defendants' violations;

C.  For the statutory penalty of $110 per day per beneficiary for Defendants' violation of COBRA;

D. For an order and judgment granting injunctive relief requiring Defendants' to reimburse medical and/or dental insurance providers who seek a return of benefits paid.

E. For an order and judgment against Defendants for Plaintiffs' severance pay, totaling approximately $6008.75;

F. For an award of punitive damages;

G. For the Plaintiffs' reasonable attorney fees, pre and post judgment interest and costs of court;

H. For such further and other relief the Court deems appropriate.

Respectfully submitted,

/s/ *Sonia T. Walker*
Sonia T. Walker (0070422)
Calig Law Firm, LLC
513 E. Rich St., Ste. 210
Columbus, OH 43215
Phone: (614) 252-2300
Fax: (614) 252-2558
swalker@caliglaw.com
*Attorney for Plaintiffs Christopher and Kristin Stein*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing Plaintiffs' First Amended Complaint was served, via electronic mail and through the electronic filing system on this 21st day of February, 2018 upon the following:

Timothy G. Pepper (0071076)
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, OH 45423
Telephone: 937.641.1740
Facsimile: 937.228.2816
E-mail: pepper@taftlaw.com
*Attorney for Defendants*

                                                */s/ Sonia T. Walker*
                                                Sonia Walker (0070422)